UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

STRATCAP INVESTMENTS, INC.,

       Plaintiff,

vs.                                                                  No. 1:09-mc-00027 MV/RLP

BETTY R. MARTINEZ-LEE and
FRANKIE LEE

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for Injunctive Relief **[Doc. No. 4]**. By its motion, Plaintiff Stratcap Investments, Inc. ("Stratcap") seeks an injunction enjoining Defendant Betty R. Martinez-Lee from taking possession of or cashing a check that was mailed to Ms. Martinez-Lee from the Clerk of the United States District Court for the Northern District of New York on February 19, 2010. Though Stratcap's motion states that it is seeking a preliminary injunction, Stratcap acknowledges that it was unsuccessful in its attempts to contact Ms. Martinez-Lee prior to bringing its motion **[Doc. No. 4 at ¶ 9]**. As a preliminary injunction may not issue without notice to the opposing party, this Court will construe Stratcap's motion as a request for the issuance of a temporary restraining order. Fed. R. Civ. P. 65(a). For the reasons set forth below, this Court finds that Plaintiff's motion for a temporary restraining order is not well-taken and will be **DENIED.**

## BACKGROUND

In May 2002, Ms. Martinez-Lee and Mr. Lee entered into a settlement agreement with the United States to resolve a claim they had brought under the Federal Tort Claims Act. Pursuant to the settlement agreement, the United States purchased an annuity contract from Metropolitan Life Insurance Company ("MetLife"), which would provide for future periodic payments to Ms. Martinez-Lee and Mr. Lee **[Doc. No. 4-3 at p. 3]**. Thereafter, Ms. Martinez-Lee and Mr. Lee entered into an agreement with Stratcap whereby Stratcap agreed to pay Ms. Martinez-Lee and Mr. Lee lump sums in exchange for their rights to the future periodic annuity payments from MetLife **[Doc. No. 4-2 at p. 2; Doc. No. 4-3 at p. 4-5]**. Stratcap contends that it sought approval and received approval from a New York State Court prior to effectuating the transfer and sale of the structured settlement payments and it appears that the State Court issued orders approving the transfer of periodic payments from Ms. Martinez-Lee and Mr. Lee to Stratcap **[Doc. No. 4-2 at p. 2-3; Doc. No. 4-3 at p. 5-6]**. The United States, however, objected to MetLife making payments to Stratcap, asserting that the annuity contracts were not assignable and that only the United States could designate the payees thereunder **[Doc. No. 4-2 at p. 3]**.

Torn between competing claims, MetLife filed an interpleader action in the United States District Court for the Northern District of New York against the United States, Stratcap, and Ms. Martinez-Lee and Mr. Lee, Cause No. 1:08-cv-0022, titled *Metropolitan Life Insurance Co. v. United States et al.* The United States District Court for the Northern District of New York directed MetLife to pay the subject funds into the Court Clerk's registry pending resolution of the interpleader action **[Doc. No. 4-2 at p. 3]**. As part of the District Court action, Stratcap

brought cross-claims against Ms. Martinez-Lee and Mr. Lee for breach of contract, unjust enrichment and rescission, and indemnification. Ms. Martinez-Lee and Mr. Lee never entered an appearance in the District Court action. Accordingly, in July 2009, the United States District Court for the Northern District of New York entered a Default Judgment as to Stratcap's cross-claims in favor of Stratcap and against Ms. Martinez-Lee in the amount of $146,168.76 and against Mr. Lee in the amount of $435,959.37 **[Doc. No. 4-4 & 4-5]**. Subsequently, the parties that had made an appearance in the District Court Action—Stratcap, the United States, and MetLife—agreed to the entry of a Consent Judgment in favor of the United States and against Stratcap **[Doc. No. 4-3]**. Among other things, the December 2009 Consent Judgment provides that it is

> **ORDERED** the funds interpleaded in this case be paid to Frankie Lee and Betty Martinez-Lee pursuant to the terms of the Settlement Agreement entered into between Lee and Martinez-Lee with the United States . . and the Annuity Contract entered into between the United States and MetLife . . . and the express direction of the United States as is its exclusive right under those contracts

**[Doc. No. 4-3 at p. 7]**.

According to Stratcap, on February 19, 2010, the Clerk of the United States District Court for the Northern District of New York, acting pursuant to the December 2009 Consent Judgment, released the interpleaded funds held in the Court registry by issuing a check payable to Ms. Martinez-Lee and sending it via certified mail to her P.O. Box in Santo Domingo Pueblo, New Mexico **[Doc. No. 4 at ¶ 5; Doc. No. 4-3 at p. 5-6]**.

Stratcap filed this action on December 23, 2009 to enforce the July 2009 Consent Judgment the United States District Court for the Northern District of New York entered in its favor against Ms. Martinez-Lee and Mr. Lee **[Doc. No. 1]**. By its present motion, Stratcap seek

to intercept the payment from the Clerk of the United States District Court for the Northern District of New York to Ms. Martinez-Lee that was mailed on February 19, 2010.

## ANALYSIS

This Court finds that Stratcap's request for a temporary restraining order should be denied. The Consent Judgment, which was agreed to by Stratcap and which was ordered by the District Court for the Northern District of New York, explicitly orders that the funds interpleaded in *Metropolitan Life Insurance Co. v. United States et al.*, Case No. 1:08-cv-0022, be paid to Frankie Lee and Betty Martinez-Lee pursuant to the terms of their settlement agreement with the United States and the Annuity Contract entered into between the United States and MetLife, and at the express direction of the United States as is its exclusive right under those contracts **[Doc. No. 4-3 at p. 7]**. To allow Stratcap to intercept the funds before they reach Ms. Martinez-Lee would thus be in direct contravention of the District Court's Order. This Court will not disregard the Order of another United States District Court, nor will it allow Stratcap to blatently circumvent such an Order, particularly where, as here, it consented to the entry of the Order. Accordingly, Stratcap's Motion for Injunctive Relief **[Doc. No. 4]** is hereby **DENIED**.

DATED this 25th day of February, 2010.

_____
MARTHA VAZQUEZ
**Chief United States District Judge**